UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL TREECE and KRISTEN A. TREECE,<br><br>Plaintiffs,<br><br>v.<br><br>FIELDSTON MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; WELLS FARGO BANK, NA; FIELDSTONE SERVICING CORP.; HSBC BANK USA, NA; US BANK, NA; LITTON LOAN SERVICING; CHASE BANK, NA; OCWEN MORTGAGE COMPANY; PACIFIC NORTHWEST TITLE CO. OF WASHINGTON, INC.; and DOES 1-50,<br><br>Defendants. | CASE NO. 11-5981 RJB<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS AND ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT |

This matter comes before the Court on Defendants Litton Loan Servicing L.P. ("Litton"), HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-3 ("HSBC Bank") (erroneously sued as HSBC Bank USA, NA), Ocwen Loan Servicing ("Ocwen") (erroneously sued as Ocwen Mortgage Company), Mortgage

1    Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, National Association,

2    as Master Servicer's ("Wells Fargo") (collectively "moving Defendants") Motion to Dismiss

3    Plaintiffs' Complaint (Dkt. 10) and Plaintiffs' motion for leave to amend their Complaint (Dkt.

4    12). The Court has considered the pleadings filed regarding the motions, the remaining record

5    and is fully advised.

6        Plaintiffs filed this action, *pro se*, seeking to stop foreclosure on their property, asserting

7    that Defendants violated their federal rights under the Truth In Lending Act ("TILA"), 15 U.S.C.

8    § 1601, *et seq*. and the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601, *et*

9    *seq*. Dkt. 1. Plaintiffs also make a state law claim to quiet title. *Id.* For the reasons set forth

10   below, the moving Defendants' Motion to Dismiss (Dkt. 10) should be granted and the claims

11   asserted against them dismissed.

12                        I.     **FACTS AND PROCEDURAL HISTORY**

13   A. **FACTUAL BACKGROUND**

14        Originally filed in Pierce County, Washington Superior Court on October 28, 2011, the

15   Verified Complaint concerns a note secured by a deed of trust for the purchase of real property

16   commonly known as: 6313-6315 7th Street Court East, Tacoma, Washington; Pierce County

17   Assessor's parcel or account number: 0420061107 ("property"). Dkt. 1-1. The property is

18   located in Pierce County, Washington. *Id.*

19        According to the attachments to the Verified Complaint, on July 6, 2006, Plaintiff Michael

20   Treece, as borrower, signed an Adjustable Rate Note ("note") in favor of Fieldstone Mortgage

21   Company, as lender, for a loan of $333,000 at an interest rate of 8.5% to purchase the subject

22   property. Dkt. 1-1, at 22-26. In the note, Mr. Treece promised to make monthly payments until

23

24

the loan is paid in full. *Id.,* at 22. Mr. Treece acknowledged that he understood that Fieldstone Mortgage Company may transfer the note. *Id.*

That same day, Mr. Treece, as borrower, executed a deed of trust granting Fieldstone Mortgage Company a security interest in the property in exchange for the loan. *Id.*, at 28. The deed of trust named "Pacific Northwest Title Company" as trustee. *Id.*, at 29. MERS was appointed as the "beneficiary" and "nominee" for Fieldstone Mortgage Company and its "successors and assigns." *Id.,* at 29. Under the deed of trust, Mr. Treece agreed to giving MERS the "right to foreclose and sell the property" in the event he defaulted in his obligations under the note and deed of trust. *Id.,* at 30. The deed of trust further provides:

> The note or a partial interest in the note (together with this security instrument) can be sold one or more times without prior notice to borrower. A sale might result in a change in the entity (known as the "loan servicer") that collects periodic payments due under the note and this security instrument.

*Id.,* at 39. The Complaint provides that the note and deed of trust were sold and "securitized into a trust," the "Fieldstone Mortgage Investment Trust Series 2006N3," with moving Defendant HSBC Bank USA, as Indenture Trustee. Dkt. 1-1, at 14-15. The remaining moving Defendants are loan servicers and MERS. Dkt. 10.

Defendants request that the Court take judicial notice of (and Plaintiffs do not dispute) documents recorded with the Pierce County Auditor's Office that the loan was modified around July 1, 2008 and for a second time in June of 2011. Dkt. 9, at 32-47.

**B. ALLEGATIONS IN THE COMPLAINT**

Plaintiffs' Complaint contains multiple general allegations regarding the national home loan industry. Dkt. 1-1. As it relates to their situation, the Complaint alleges that Plaintiffs did not receive various disclosures in connection with the July 2006 loan. Dkt. 1-1, at 9-11. Plaintiffs allege that the lender violated "rules" by "putting Plaintiffs into a loan" without "reasonable

1  basis for believing that there are sufficient funds to support the loan." *Id.*, at 11.  The Complaint
2  further asserts that MERS does not have a beneficial interest in the note and so the "assignment
3  executed by MERS" is "illegal." *Id.*, at 1-1, at 15.  It asserts that the Defendants "lack standing
4  to enforce the negotiable instrument" because they are not the real party in interest.  *Id.*, at 17.
5  Plaintiffs allege that the real party of interest is the shareholders of the trust, and "because no one
6  party represents a real party of interest, then no one party may enforce the promissory note." *Id.,*
7  at 17.  Plaintiffs reason that because the shareholders can write off a debt, "the debt is
8  discharged." *Id*.  Accordingly, Plaintiffs seek declaratory relief that the deed of trust be held
9  null and void and that the note be declared fully discharged.  *Id.*, at 18.  They seek injunctive
10 relief:  that the Defendants be ordered to "give a full and fair accounting of all money received"
11 and they be required to return all money received. *Id*.  Plaintiffs further seek a declaration that
12 they are the rightful title holders and that all Defendants have no "estate, right, title or interest in
13 said property." *Id.*  Plaintiffs further seek any other relief "as is necessary and appropriate." *Id.*

14       C.      **PENDING MOTIONS**

15     In the pending Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12 (b)(6), Defendants
16 argue that: 1)  the claims in the Complaint asserted against them should be dismissed because
17 there are no allegations of wrongdoing made against them, 2) Plaintiffs' contention of an invalid
18 assignment of the deed of trust by MERS to HSBC fails because Plaintiffs agreed to designate
19 MERS as the lender's beneficiary, 3) Plaintiffs' TILA claim should be dismissed because
20 Defendants were not involved in the loan origination and the claim is barred by the statute of
21 limitations, 4) Plaintiffs' RESPA claim against these Defendants should be dismissed because
22 they were not involved in the loan's origination, and 5) Plaintiffs' Complaint fails to allege
23 sufficient facts to state a claim for quiet title against them.  Dkt. 10.

24

ORDER ON DEFENDANTS' MOTION TO DISMISS AND ON PLAINTIFFS' MOTION FOR LEAVE TO
AMEND THE COMPLAINT- 4

1    Plaintiffs file a Response, arguing that the motion to dismiss should not be granted because
2 further discovery regarding the moving Defendants' relationship with Fieldstone Mortgage is
3 required. Dkt. 12. Plaintiffs argue that Defendants have not given them any documentation of a
4 valid assignment of the mortgage from Fieldstone to any of them. *Id.* They argue that the note
5 and deed of trust have been improperly separated when the note was securitized into the trust.
6 *Id.* Plaintiffs reason, then, that "[i]f the deed of trust is held by one party and the note is held by
7 another party, there is no one party which can lay claim the the [sic] Plaintiffs' property." *Id.*, at
8 2-3. Plaintiffs argue that MERS does not have a beneficial interest in the note and so the
9 assignment executed by MERS is not valid. *Id.* Plaintiffs request that the Court take judicial
10 notice of the Congressional Oversight Panel's Report, dated November 16, 2010. *Id.* Plaintiffs
11 argue that there "may be issues of 'robo-signing'" here. *Id.*, at 4-5. Plaintiffs argue that "Ocwen
12 Loan Servicing wants to take real property without offering any proof that might tend to show
13 who holds a beneficial interest in the promissory note." *Id.,* at 6. Plaintiffs argue that they have
14 requested documents from Ocwen through "Qualified Written Requests," and Ocwen "has failed
15 the produce any relevant material." *Id.,* at 8-9.

16    Defendants Reply, arguing that 1) Plaintiffs' request for the original promissory note does
17 not give rise to a viable cause of action because Defendants are not required to produce the
18 original to foreclose, 2) Plaintiffs' arguments that MERS does not have a beneficial interest fail
19 as a matter of law, and 3) Plaintiffs fail to respond to the defects raised regarding their TILA,
20 RESPA, and quiet title claims. Dkt. 13. Defendants oppose allowing Plaintiffs leave to file an
21 amended complaint. *Id*.

22    **C.  ORGANIZATION OF OPINION**

This opinion will address Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as to each of the claims in conjunction with Plaintiffs' motion for leave to file an amended complaint.

## II.   DISCUSSION

**A.  FED. R. CIV. P. 12 (b)(6) MOTION TO DISMISS/LEAVE TO AMEND A COMPLAINT - STANDARD**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950.  Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

**B. TILA CLAIMS**

Plaintiffs' claim for rescission and or damages (to the extent they makes a claim for damages), pursuant to TILA, should be dismissed. Under TILA and "Regulation Z" at 12 C.F.R. § 226.23:

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section...

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1635(a) and (f).

The subject note and deed of trust were executed on July 6, 2006. Dkt. 1-1. Allegations in the Complaint assert that TILA was violated in regard to the original loan. Dkt. 1-1. This case was filed on October 28, 2011, over five years later. *Id.* Plaintiffs' TILA claims, asserted against all Defendants, should be dismissed as barred by the statue of limitations. Their motion to file an amended complaint, in order to restate this claim, should be denied as futile. The Court need not reach Defendants' remaining arguments on Plaintiffs' TILA claims.

### C. RESPA CLAIM

"Congress enacted the Real Estate Settlement Procedures Act in 1974 to protect consumers from abusive practices in mortgage closings." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011). Plaintiffs assert that Defendants violated 12 U.S.C. § 2601, which provides that RESPA was passed "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges."

Plaintiffs' RESPA claim, to the extent that it is asserted against the moving Defendants, should be dismissed. Plaintiffs make allegations regarding their original loan, but do not dispute that these Defendants were not involved in that transaction. Plaintiffs have failed to pleaded factual allegations which would "plausibly give rise to an entitlement to relief" under RESPA against Litton, Ocwen, or Wells Fargo (the servicers), or MERS or HSBC Bank.

1       Although Plaintiffs' response does make reference to a "qualified written request" they

2 allegedly directed to Ocwen, (Dkt. 12), Plaintiffs' Complaint makes no mention of it.  To the

3 extent that Plaintiffs appear to base their RESPA claim on the allegation that MERS does not

4 have a beneficial interest in the note, their claim should be dismissed.  Plaintiffs offer no

5 authority for their contention that MERS was without authority to make the assignments of

6 which they complain.  Plaintiffs are merely attempting to state a legal conclusion, without any

7 reasoning to support such a conclusion.  This issue has been repeatedly raised and rejected by

8 several courts in this district.  *Dooms v. Cal-Western Reconveyance Corp. of Washington*, 2011

9 WL 5592760 (W.D. Wash. 2011); *Rhodes v. HSBC Bank USA N.A.*, 2011 WL 3159100 (W.D.

10 Wash. 2011); *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash.

11 2010); *Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115, 1125-1126

12 (W.D. Wash. 2010).  This Court agrees with the reasoning set forth in those cases.  Further, as

13 pointed out in *Rhodes*, in exchange for the loan on the property, Mr. Treece signed the note and

14 deed of trust which provided underlying security for the obligation due under the note.  He

15 agreed that MERS had the authority to act as a beneficiary under the deed of trust – "such

16 authority was explicitly granted by Plaintiffs upon execution of the instrument." *Rhodes,* at 4.

17 In this case, Mr. Treece "specifically agreed to MERS' role as beneficiary under the deed of

18 trust" he signed and agreed that MERS could assign its' interests, in whole or in part, and that the

19 Note could be sold.  *Id*.  Plaintiffs fail to allege a "cognizable legal theory" under which they

20 would be entitled to relief under RESPA, and the RESPA claim should be dismissed.  *Balistreri,*

21 at 699.

22       To the extent that Plaintiffs move to amend their Complaint to add a RESPA claim, the

23 motion should be denied without prejudice.  Plaintiffs failed to file a proposed amended

24

complaint, and so the Court was unable to determine whether Plaintiffs' new allegations would be sufficient to entitle them to relief under RESPA.

**D. QUIET TITLE CLAIM**

In Washington, a plaintiff in a quiet title action must set forth in the complaint the nature of their "estate, claim or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail." RCW 7.25.120.

Defendants argue that Plaintiffs can not state a claim against them for "quiet title" because they do not have a competing ownership claim on the property. Dkt. 10. Plaintiffs do not meaningfully respond. Further, a quiet title claim against a mortgagee requires that a mortgagor is the rightful owner of the property, that is, that the mortgagor has paid an outstanding debt secured by the mortgage. *See Kelley v. Mers, Inc.*, 642 F.Supp. 2d 1048, 1057 (N.D. Cal. 2009); *Evans v. BAC Home Loans Servicing LP*, 2010 WL 5138394 at #3 (W.D. Wash. 2010). Plaintiffs here fail to allege that they have paid the outstanding debt secured by the mortgage. Their claim for quiet title against the moving Defendants should be dismissed. Further, because it is unclear what allegations Plaintiffs intend to make against these Defendants regarding a quiet title claim, their motion for leave to file an amended complaint to attempt to restate this claim should be denied without prejudice.

**E. CONCLUSION**

Plaintiffs have failed to state any claims to relief that are plausible on their face against these Defendants. *Iqbal*, at 1949. Further, Plaintiffs' motion to amend their Complaint to allege a TILA claim should be denied as it is barred by the statute of limitations. Plaintiffs' motion to file an amended complaint should be denied without prejudice as to their remaining claims.

### III.  ORDER

- Defendants Litton Loan Servicing L.P., HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-3 (erroneously sued as HSBC Bank USA, NA), Ocwen Loan Servicing (erroneously sued as Ocwen Mortgage Company), Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, National Association, as Master Servicer's Motion to Dismiss Plaintiffs' Complaint (Dkt. 10) **IS GRANTED**;

- Plaintiffs' claims against Defendants Litton Loan Servicing L.P., HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-3 (erroneously sued as HSBC Bank USA, NA), Ocwen Loan Servicing (erroneously sued as Ocwen Mortgage Company), Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, National Association, as Master Servicer **ARE DISMISSED**;

- Plaintiffs' motion for leave to amend their Complaint (Dkt. 12) **IS DENIED** as to their TILA claim and **DENIED WITHOUT PREJUDICE** as to their RESPA claim and quiet title claim.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of January, 2012.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge